```
                         United States Bankruptcy Court
                          Southern District of Indiana
In re:                                                     Case No. 11-01417-AJM
Stephanie Marie Ruffner                                    Chapter 13
         Debtor
                             CERTIFICATE OF NOTICE
District/off: 0756-1           User: jweiss                Page 1 of 1         Date Rcvd: Jul 07, 2011
                               Form ID: pdfPlan            Total Noticed: 23


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 09, 2011.
db          +Stephanie Marie Ruffner,    2846 Bluewood Way,    Plainfield, IN 46168-4805
10725505    +BAC Home Loan Servicing, LP,    Bankruptcy Department,    Mail Stop TX 2-982-03-03,
              7105 Corporate Drive,    Plano, TX 75024-4100
10591890    +BACK BOWL I LLC,    C O WEINSTEIN AND RILEY, PS,    2001 WESTERN AVENUE, STE 400,
              SEATTLE, WA 98121-3132
10466758    +Bank of America,    P. O. Box 851001,    Dallas, TX 75285-1001
10466757    +Bank of America,    100 N. Tryon St.,    Charlotte, NC 28202-4000
10644793    +CANDICA L.L.C.,    C O WEINSTEIN AND RILEY, PS,    2001 WESTERN AVENUE, STE 400,
              SEATTLE, WA 98121-3132
10466759    +Capital One,    P. O. Box 6492,    Carol Stream, IL 60197-6492
10575588     Chase Bank USA, N.A.,    PO Box 15145,    Wilmington, DE 19850-5145
10572986    +Chase Bank USA,N.A,    c/o Creditors Bankruptcy Service,    P O Box 740933,    Dallas,Tx 75374-0933
10466760    +Chase Cardmember Service,    P. O. Box 94014,    Palatine, IL 60094-4014
10466761    +Christopher Ruffner,    2846 Bluewood Way,    Plainfield, IN 46168-4805
10578570    +FIA Card Services, NA as successor in interest to,    Bank of America NA and MBNA America Bank,
              1000 Samoset Drive,    DE5-023-03-03,    Newark, DE 19713-6000
10466762    +First Horizon-Bank Card Center,    P. O. Box 385,    Memphis, TN 38101-0385
10531014    +First Tennessee Bank,    P.O. Box 1469,    Knoxville, TN 37901-1469
10487591    +First Tennessee Bank NA, Department,    c/o Ascension Capital Group,    P.O. Box 201347,
              Arlington, TX 76006-1347
10540469    +HSBC Bank Nevada, N.A.,    by PRA Receivables Management, LLC,    PO Box 12907,
              Norfolk VA 23541-0907
10532709    +HSBC Bank Nevada, N.A.,    Bass & Associates, P.C.,    3936 E. Ft. Lowell Rd, Suite 200,
              Tucson, AZ 85712-1083
10466763    +HSBC Card Services,    P. O. Box 5222,    Carol Stream, IL 60197-5222
10466764    +HSBC Retail Services,    P. O. Box 5238,    Carol Stream, IL 60197-5238
10688424     eCAST Settlement Corporation,    POB 29262,    New York NY 10087-9262
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
10760779     E-mail/PDF: gecsedi@recoverycorp.com Jul 08 2011 00:15:34      GE Money Bank,
              Attn: Bankruptcy Department,    PO Box 960061,    Orlando FL 32896-0661
10466765    +E-mail/PDF: cr-bankruptcy@kohls.com Jul 08 2011 00:16:31      Kohls,    P. O. Box 2983,
              Milwaukee, WI 53201-2983
10466766    +E-mail/PDF: gecsedi@recoverycorp.com Jul 08 2011 00:15:35      Lowes/GEMB,    P. O. Box 530914,
              Atlanta, GA 30353-0914
                                                                                               TOTAL: 3

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked ‘+’ were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jul 09, 2011**          **Signature:** *Joseph Speetjens*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
46 East Ohio Street, Room 116
Indianapolis, IN 46204

IN RE:                              )
                                    )
STEPHANIE MARIE RUFFNER,             )      CASE NO. 11-01417-AJM-13
         Debtor.                    )

## MOTION TO MODIFY PLAN PURSUANT TO § 1329

Come now the Debtor, Stephanie M. Ruffner, by counsel, Alan L. Crapo, and move to modify their Amended Chapter 13 Plan, post confirmation, pursuant to § 1329, and in support thereof would show the Court as follows:

1. That the Plan was confirmed on April 7, 2011.

2. That the debtors' plan did not treat a secured creditor, HSBC/Best Buy.

3. That the debtors need to Modify Plan, post-confirmation to allow the treatment of the secured creditor.   (Proposed modified plan attached.)

WHEREFORE, the Debtors, by counsel, pray that they be allowed to Modify Chapter 13 Plan, post-confirmation.

Respectfully submitted,

/s/ Alan L. Crapo
Alan L. Crapo
Attorney for Debtor

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served by electronic transmission ecf upon the Chapter 13 Trustee, Robert A. Brothers on this the 6th day of July, 2011.

Robert A. Brothers, Bankruptcy Trustee
151 N. Delaware St., 1400
Indianapolis, IN 46204

/s/ Alan L. Crapo
Alan L. Crapo

Alan L. Crapo, #3849-49
Attorney at Law
4040 S. Meridian St.
Indianapolis, IN 46217
(317) 782-2977

## United States Bankruptcy Court
### Southern District of Indiana

In re   STEPHANIE MARIE RUFFNER

Debtor(s)

Case No. 11-01417
Chapter 13

## CHAPTER 13 PLAN
Original ___  Amendment No. 1

### 1. GENERAL PROVISIONS:

(a) **YOUR RIGHTS MAY BE AFFECTED.** Read these papers carefully and discuss them with your attorney. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed without further notice or hearing unless a written objection is filed before the deadline stated on the separate Notice you received from the Bankruptcy Court. If you have a secured claim, this plan may modify your lien if you do not object to the plan.

(b) **PROOFS OF CLAIM:** This plan does not allow claims. You must file a proof of claim to receive pre-confirmation adequate protection payments and to receive distribution under a confirmed plan. The filed proof of claim shall control as to the claim amount for pre-petition arrearages, secured and priority tax liabilities, and any payment in full offers unless specifically objected to and determined otherwise by the Court.

(c) **ADEQUATE PROTECTION PAYMENTS:** In accordance with General Order 05-0004, any adequate protection payment offers shall be based upon 1% of the proposed allowed secured claim, although that presumption may be rebutted. The Chapter 13 Trustee ("Trustee") shall disburse such payments to the secured creditor as soon as practicable after receiving plan payments from the debtor, and the allowable secured claim will be reduced accordingly. All adequate protection payments shall be subject to the Trustee's percentage fee as set by the United States Trustee. No adequate protection payments will be made by the debtor directly to the creditor.

(d) **EQUAL MONTHLY PAYMENTS:** The Trustee may increase the amount of any "Equal Monthly Amount" offered to appropriately amortize the claim. The trustee shall be permitted to accelerate payments to any class of creditor for efficient administration of the case.

(e) **PAYMENTS FOLLOWING ENTRY OF ORDERS LIFTING STAY:** Upon entry of an order lifting the stay, no distributions shall be made on any secured claim relating to the subject collateral until such time as an amended deficiency claim is filed by such creditor and deemed allowed, or the automatic stay is re-imposed by further order of the Court.

### 2. SUBMISSION OF INCOME:
Debtor submits to the supervision and control of the Trustee all or such portion of future earnings or other future income or specified property of the debtor as is necessary for the execution of this plan.

### 3. PAYMENT AND LENGTH OF PLAN:

Debtor shall pay $ 125 per month to the Chapter 13 Trustee, starting not later than 30 days after the order for relief, for approximately 60 months, for a total amount of $ 7,500. Additional payments to Trustee:

## 4. ADMINISTRATIVE CLAIMS (INCLUSIVE OF DEBTOR'S ATTORNEY FEES):
All administrative claims will be paid in full by the Trustee unless creditor agrees otherwise:

| Creditor | Type of Priority | Scheduled Amount |
|---|---|---|
| Alan L. Crapo | Attorney Fee | 2,300 |

## 5. DOMESTIC SUPPORT OBLIGATIONS: The following Domestic Support Obligations will be paid in the manner specified:

| Creditor | Type of Claim | Estimated Arrears | Treatment |
|---|---|---|---|
|  |  |  |  |

DEBTOR IS REQUIRED TO PAY ANY PAYMENTS FALLING DUE AFTER THE FILING OF THE CASE PURSUANT TO A DOMESTIC SUPPORT ORDER DIRECTLY TO THE PAYEE IN ORDER FOR THIS PLAN TO BE CONFIRMED AND FOR DEBTOR TO RECEIVE A DISCHARGE FROM THE COURT UPON COMPLETION OF PLAN PAYMENTS HEREIN.

## 6. SECURED CLAIMS RELATING SOLELY TO RESIDENTIAL REAL ESTATE-CURING DEFAULTS AND/OR MAINTAINING PAYMENTS (INCLUSIVE OF REAL ESTATE TAXES AND HOMEOWNER'S ASSOCIATION ARREARS): If there is a pre-petition arrearage claim on a mortgage secured by the debtor's residential real property, then both the pre-petition arrearage and the post-petition mortgage installments shall be made through the Trustee. Initial post-petition payment arrears shall be paid with secured creditors. If there are no arrears, the debtor may pay the secured creditor directly.

| Creditor | Residential Address | Estimated Arrears | Estimated Current Monthly Installment |
|---|---|---|---|
| Bank of America | 2846 Bluewood Way Plainfield, IN | -0- | 1,000 |
|  |  |  |  |

No late charges, fees or other monetary amounts shall be assessed based on the timing of any payments made by the Trustee under the provisions of the Plan, unless allowed by Order of the Court.

**ALL NOTICES REFERENCED BELOW SHALL BE FILED WITH THE BANKRUPTCY COURT AND SERVED UPON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE:**

**DUTY OF MORTGAGE HOLDER TO FILE AND SERVE NOTICE OF PAYMENT OR SERVICER CHANGE AND ANNUAL NOTICE:** All mortgage holders shall file with the Bankruptcy Court a Notice indicating any change in the mortgage payment. This Notice shall contain the old mortgage payment amount, the new mortgage payment amount and an explanation of the reason for the change. If the change is a result of an escrow analysis, the Notice shall include the escrow calculation showing the taxes and insurance paid for the prior year. In cases where the Trustee is disbursing the post-petition mortgage installments, absent objection, the Trustee will modify the monthly payment in accordance with the Notice provided.

Should there be a change in the mortgage servicer while the bankruptcy is pending, the mortgage holder shall file with the Bankruptcy Court a Notice setting forth the change and providing the name of the servicer, the payment address and a contact phone number. In addition, the mortgage holder shall perform an escrow analysis annually and annually file a Notice setting forth the amount of the mortgage payment regardless of whether or not a change has occurred in the prior year. All Notices shall be filed with the Bankruptcy Court and served upon the debtor, debtor's counsel and the Chapter 13 Trustee.

**DUTY OF MORTGAGE HOLDER TO FILE AND SERVE NOTICE OF PROTECTIVE ADVANCES AND/OR POST-PETITION FEES AND COSTS ASSESSED:** The mortgage holder shall timely file a Notice with the Court if the holder advances funds under the terms of the mortgage as a protective advance (e.g. forced-place insurance or property taxes due to non-payment). The mortgage holder shall file a Notice of all Post-Petition fees, costs of collection and all other contract charges assessed under the mortgage document, including attorney's fees.

7. **SECURED CLAIMS OTHER THAN CLAIMS RELATING TO RESIDENTIAL REAL ESTATE:** After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the equal monthly amount in column (6) based upon the amount of the claim [(Para. 7(a), column (4)] or value offer [(Para. 7(b), column (4)] with interest at the rate stated in column (5).

(a) **Secured Claims To Which 11 U.S.C. 506 Valuation Is Not Applicable:**

| (1) Creditor | (2) Collateral | (3) Purchase Date | (4) Estimated Claim Amount | (5) Interest Rate | (6) Equal Monthly Amount | (7) Adequate Protection Amount (1% of allowed secured claim) |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

Additional plan offer, if any, as relates to above claim(s):

(b) **Secured Claims To Which 11 U.S.C. 506 Valuation Is Applicable:**

| (1) Creditor | (2) Collateral | (3) Purchase Date | (4) Value | (5) Interest Rate | (6) Equal Monthly Amount | (7) Adequate Protection Amount (1% of allowed secured claim) |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

Additional plan offer, if any, as relates to above claim(s):

(c) **Curing Defaults and/or Maintaining Payments:** Trustee shall pay allowed claim for arrearage, and debtor shall pay regular post-petition contract payments directly to the creditor:

| Creditor | Collateral/Type of Debt | Estimated Arrears | Interest Rate(if any) |
|---|---|---|---|
| HSBC/Best Bury | Var. Appliances | -0- | |

(d) **Surrendered/Abandoned Collateral:** The debtor intends to surrender, and, upon confirmation, the Chapter 13 estate abandons any interest in the following collateral:

| Creditor | Collateral Surrendered/Abandoned | Scheduled Value of Property |
|---|---|---|
| | | |

8. **SECURED TAX CLAIMS AND 11 U.S.C. 507 PRIORITY CLAIMS:** All allowed secured tax obligations shall be paid in full by the Trustee, inclusive of statutory interest thereon (whether or not an interest factor is expressly offered by plan terms). All allowed priority claims shall be paid in full by the Trustee, exclusive of interest, unless the creditor agrees otherwise:

| Creditor | Type of Priority or Secured Claim | Scheduled Debt | Treatment |
|---|---|---|---|
|  |  |  |  |

9. **NON-PRIORITY UNSECURED CLAIMS:**

   (a) Separately Classified or Long-term Debts:

| Creditor | Basis for Classification | Treatment | Amount | Interest (if any) |
|---|---|---|---|---|
| -NONE- |  |  |  |  |

   (b) General Unsecured Claims:
   _X_ Pro rata distribution from any remaining funds; or
   __ Other: __

10. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** All executory contracts and unexpired leases are REJECTED, except the following, which are assumed:

| Creditor | Property Description | Treatment |
|---|---|---|
|  |  |  |

11. **AVOIDANCE OF LIENS.** Debtor will file a separate motion or adversary proceeding to avoid the following non-purchase money security interests, judicial liens, wholly unsecured mortgages or other liens that impair exemptions.

| Creditor | Collateral/Property Description | Amount of Lien to be Avoided |
|---|---|---|
|  |  |  |

12. **LIEN RETENTION.** With respect to each allowed secured claim provided for by the plan, the holder of such claim shall retain its lien securing such claim until the earlier of a) the payment of the underlying debt determined under non-bankruptcy law or b) a discharge order being entered under 11 U.S.C. 1328.

13. **VESTING OF PROPERTY OF THE ESTATE.** Except as necessary to fund the plan or as expressly retained by the plan or confirmation order, the property of the estate shall revest in the debtor upon confirmation of the debtor's plan, subject to the rights of the Trustee, if any, to assert claim to any additional property of the estate acquired by the debtor post-petition pursuant to operation of 11 U.S.C. 1306.

14. **PAYMENT NOTICES (OTHER THAN THOSE RELATING TO MORTGAGES):** Non-mortgage creditors in Section 7(c) whose rights are not being modified) or in Section 10 (whose executory contracts/unexpired leases are being accepted) may continue to mail customary notices or coupons to the debtor or the Trustee notwithstanding the automatic stay.

## 15. MISCELLANEOUS PROVISIONS:

Date: _____7-6_____, 2 011 .

                                              /s/ Stephanie M. Ruffner
                                              **Debtor**

                                              **Debtor**

                                              /s/ Alan L. Crapo
                                              **Debtor's Attorney**